(3 Misc. Rep. 596.)

KNOTH v. MELTZER et al.

(City Court of Brooklyn, General Term. May 22, 1893.)

1. ICY SIDEWALKS—LIABILITY OF ABUTTING OWNERS.

In an action against abutting owners for injuries received from a fall on ice on the sidewalk in front of defendant's brewery, it appeared that plaintiff fell where there was a driveway used by defendants in connection with their business, and that the remaining portion of the sidewalk was free from ice. *Held*, that a nonsuit was properly granted.

2. APPEAL—MATTERS NOT APPARENT OF RECORD.

It cannot be insisted on appeal, in an action for injury received by falling on an icy sidewalk, that the abutting owners used the sidewalk in violation of city ordinances, when the latter are not printed in the case.

Appeal from trial term.

Action by Henry Knoth against Elizabeth Meltzer and another. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

M. L. Towns, for appellant.
Jerry A. Wernberg, for respondents.

CLEMENT, C. J. The plaintiff brought this action and sought to recover damages for personal injuries from a fall upon ice on the sidewalk in front of a brewery of the defendants. Testimony was admitted on the trial tending to show that the plaintiff fell where there was a driveway, and it was also proven that the remaining portion of the sidewalk was free from ice. At the close of the case for plaintiff, a motion was granted to dismiss the complaint. After a careful examination of the record, we are unable to distinguish this case from Moore v. Gadsden, 93 N. Y. 12, and are of opinion that the nonsuit was properly granted. The learned counsel for the appellant contends that the defendants interfered with the sidewalk in violation of certain ordinances of the city, which are not printed in the case, and, therefore, are not before us for review. It may be fairly inferred that water flowed off the land of defendants on the sidewalk, and there became ice. Whether such water resulted from melting snow, and ran down the natural grade of the land, or whether the water flowed from pipes, and the natural grade of defendant's premises had been disturbed, does not appear in the case. The defendants had the right to drive over the sidewalk, as it was necessary in the use of their premises. Judgment affirmed, with costs.