EMMA M. DAHLIN *vs.* ROSE B. WALSH & another.

Middlesex.    March 30, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Nuisance.   Ice and Snow.*

In an action against one in control of premises adjoining a sidewalk for injuries from a fall caused by an accumulation of ice on the sidewalk, there was evidence that the sidewalk was nine or ten feet wide and the defendant had shovelled off the snow to a width of six or seven feet, that there was a formation of smooth and slippery ice, thicker toward the curb and sloping toward the defendant's premises, and that the snow was higher near the street and still higher in the driveway of the street, that on the days preceding the accident there had been snow followed by rain and then by freezing weather, and that the day of the accident was clear and cold.  *Held,* that the forming of the ice on which the plaintiff fell was amply accounted for by the weather conditions, and that a verdict for the defendant was ordered properly.

Whether a person in control of premises adjoining a sidewalk which is part of a highway, who has cleared off the snow from the portion of the sidewalk next to his premises leaving the outer portion uncleared, is liable for an injury to a traveller on the highway caused by his not having cleared the whole of the sidewalk adjoining his premises, *quaere.*

The owner of premises adjoining a sidewalk which is part of a highway in a city, in spite of any public duty to clear the sidewalk imposed upon him by the ordinances of the city, owes no duty to travellers on the highway to keep the sidewalk clear of ice and snow coming upon it from natural causes or to guard against accidents by scattering ashes or using any other like precaution.

TORT for personal injuries incurred at about half past eleven o'clock on the evening of March 4, 1904, while the plaintiff was walking as a traveller on the sidewalk adjoining the premises numbered 105 on Chelsea Street in that part of Boston called East Boston, from a fall caused by an accumulation of snow and ice there, against Rose B. Walsh, the owner of the building, and Morris Yudelman, a shoemaker, the tenant of the ground floor of the building, who occupied it for his business.    Writ dated March 15, 1904.

At the trial in the Superior Court before *Bond,* J. there was evidence in regard to the condition of the sidewalk and the street which is described in the opinion.    There also was the following evidence in regard to the weather conditions referred to on the last page of the opinion.

One John W. Smith, weather forecaster in the employ of the United States, called as a witness by the plaintiff, testified as follows:

On March 1, three days before the accident, there was rain early in the morning; snow which began about daylight changed to rain at 7.35 A. M. and changed to moist snow again about 8.10 A. M.; and snow continued until 5 P. M. when it changed to rain again, and rained hard during the night; on that day five inches of snow fell, and the depth of snow on the ground was fifteen inches; the temperature ranged from twenty-eight to thirty-three degrees above zero.

On March 2, there was a little fall of snow from 5.15 to 5.50 A. M.; the amount of snowfall was too small to measure; the depth on the ground 14.4 inches, and the temperature ranged from twenty-six to thirty-eight degrees above zero.

On March 3, the day before the accident, it was cloudy, with rain from ten minutes before seven A. M. until forty minutes past eight o'clock P. M.; the amount of rainfall was forty-two one hundredths of an inch; the temperature ranged from twenty-four to fifty degrees above zero; the depth of snow on the ground was seven inches.

March 4, the day of the accident, was a clear, cold day; temperature, ten to twenty-four degrees above zero; depth of snow on the ground, seven inches.

At the close of the evidence, at the request of the defendant, the judge ruled that upon all the evidence the plaintiff was not entitled to a verdict against either the defendant Walsh, the owner of the house, or against the tenant Yudelman, and instructed the jury that they should return a verdict in favor of both the defendants, which was done accordingly. The plaintiff alleged exceptions to the ordering of the verdict in favor of the defendant Yudelman.

*C. H. Johnson*, for the plaintiff.

No counsel appeared for the defendant.

SHELDON, J. The plaintiff does not complain of the ruling of the judge at the trial that she was not entitled to recover against the defendant Walsh, but contends that there was evidence on which the jury might have found in her favor against the defendant Yudelman, who was the tenant and occupant of a

store abutting on the sidewalk on which the plaintiff fell. Her contention is that the jury might have found that he had artificially accumulated snow on the sidewalk, which first melted and then froze from natural causes, and so created the condition of things which resulted in her fall. There was some evidence that the defendant had shovelled the snow from the sidewalk, but not for its full width; that he had left a space two or three feet wide on the side of the sidewalk towards the driveway uncleared. It also appeared that the snow was considerably higher in the driveway than on the sidewalk, sloping from the street over the gutter towards and upon the inner side of the sidewalk, and that the snow had melted and flowed towards the outer edge of the sidewalk, and then had frozen, forming a layer of slippery ice sloping from the neighborhood of the curbstone towards Yudelman's store.

It may be assumed that one might be liable for a special and peculiar injury caused by his own creation of a nuisance upon the highway, as by the artificial accumulation of ice and snow upon the sidewalk in front of his premises; and that this liability would extend to the case of one who discharged water upon the sidewalk at a time when the natural result would be to freeze the water and expose travellers upon the sidewalk to the danger of injury from falling. *Davis* v. *Rich,* 180 Mass. 235. *Leahan* v. *Cochran,* 178 Mass. 566. *Shipley* v. *Proctor,* 177 Mass. 498. If Yudelman did pile up snow upon any part of this sidewalk in such an accumulated mass as essentially to interfere with travel thereon, or by means of the operation of natural causes which he ought to have foreseen to create danger by its melting and freezing, then the plaintiff, if herself in the exercise of due care, could maintain an action against him for a personal injury caused by this conduct on his part. *Kirby* v. *Boylston Market Assoc.* 14 Gray, 249, 251. And see *McMahon* v. *Lynn & Boston Railroad,* 191 Mass. 295; *McDonald* v. *Toledo Consolidated Street Railway,* 74 Fed. Rep. 104.

The real question accordingly is whether there was any evidence that Yudelman did pile up the snow into an artificial accumulation upon any part of this sidewalk; and we cannot find that there was. The plaintiff's evidence went no further than to the effect that the sidewalk, being nine or ten feet wide, had

been shovelled off here only to a width of six or seven feet, and that there was a formation of smooth and slippery ice, thicker toward the curb, and sloping toward the store, and that⸱ the snow was higher near the street and still higher in the driveway of the street. This formation of ice, with the snow which was upon the ground, is amply accounted for by the weather conditions, and apparently came from the snow in the street and over the gutter and perhaps also from that part of the sidewalk which had not been shovelled. The presence of this ice would not warrant the inference that it came from Yudelman's having piled up the snow which he cleared from one part of the sidewalk upon its inner edge; for under the conditions here in evidence, ice upon the sidewalk would have been as likely to form in the manner and to the extent testified to if all the surface of the sidewalk had been cleared of snow. Accordingly we need not consider whether the fact that Yudelman cleared off only a part of the sidewalk, as the jury might have found was the⸱ case, would impose upon him any duty to passers-by to clear off the whole of its surface. Certainly he owed no duty to the plaintiff to keep the sidewalk clear of ice and snow coming thereon from natural causes, or to guard against the risk of accident by scattering ashes or using any other like precautions, whether or not any public duty was imposed upon him by the ordinances of the city. *Kirby* v. *Boylston Market Assoc.* 14 Gray, 249, 252. *Moore* v. *Gadsden,* 87 N. Y. 84. *Rohling* v. *Eich,* 48 N. Y. Supp. 892.

The view of the case which we take makes it unnecessary to determine whether the jury would have had the right to find that the plaintiff was herself in the exercise of due care, a question certainly not free from difficulty.

*Exceptions overruled.*