ELIZABETH M. AULL v. ALBERT W. LEE, EXECUTOR, &c.

Argued November 11, 1912—Decided March 3, 1913.

The plaintiff in her declaration averred that the defendant, for his own convenience, removed from the sidewalk of a public street adjoining his premises, a large quantity of snow, which had naturally fallen there, and deposited it upon his adjoining premises and there permitted it to remain for a long time; that as a consequence the snow melted and the water therefrom ran upon the sidewalk, where it was congealed into ice, and that the plaintiff as she was walking along the sidewalk stepped upon this ice and was thereby thrown and injured. *Held,* that a cause of action was set out and the declaration was not subject to a demurrer.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the plaintiff, *Martin P. Devlin.*

For the defendant, *James & Malcolm G. Buchanan.*

The opinion of the court was delivered by

BERGEN, J. The cause of action disclosed by the declaration in this cause is, that the defendant's testatrix was in her lifetime the owner of a lot of land adjoining a public highway or street in the city of Trenton, the sidewalk of the street being paved with flagstones; that adjoining the said pavement she maintained an open lawn between the line of the pavement and the front wall of her house; that during a snowstorm great quantities of snow fell and lodged upon the sidewalk in front of said lawn where it remained until the following day when she caused it to be removed from the sidewalk, and for her own convenience deposited it upon the lawn and there permitted it to remain for a long space of time, and not regarding her duty in that behalf, did not use

due and proper care in the placing of sufficient guards or protection about the said snow so that water, resulting from the melting of the snow, could not run along and upon the said sidewalk in front of said premises and there congeal into ice, but wholly neglected and failed so to do, thereby permitting the water resulting from the melting of the snow to run along and upon the said sidewalk where it hardened and congealed into ice; that by reason of the premises the plaintiff, while lawfully and carefully walking upon the said sidewalk, slipped on the ice so formed, and was thereby thrown to the ground and suffered severe injuries.

To this declaration the defendant filed a demurrer, the principal and only reason necessary to be considered in disposing of this cause being, that the facts set forth in the declaration disclose no legal duty resting upon the defendant's testatrix in her lifetime, for the breach of which she, or her estate after her death, could be held liable in damages.

It is not claimed by the plaintiff that if the snow had been permitted to remain on the sidewalk, and while there, it had melted and the water resulting therefrom had frozen, forming ice upon which the plaintiff had stepped and fallen, the defendant would be liable, and, therefore, the only material question presented is whether the piling of snow, in large quantities, upon the defendant's property adjacent to the sidewalk, from which the conditions stated resulted, charges sufficient negligence to support an action for the injuries the plaintiff suffered.

We are of opinion that a party is responsible for the results flowing from the artificial accumulation of snow upon his premises, adjoining a sidewalk, and there left to discharge water at times when the natural result would be to form ice upon the sidewalk. The proposition as stated in 28 *Cyc.* 1439 is: "But an abutting owner or other person may be liable for a special and peculiar injury caused by his own artificial accumulation of snow or ice upon the sidewalk, as by the discharge of water at times when the natural result would be to form ice. The liability is confined as to what a reason-

able man might anticipate, and the owner is required to do only what is reasonably necessary to prevent injury."

In *Davis* v. *Rich*, 180 *Mass.* 235, the plaintiff was thrown and injured by ice formed on the sidewalk, due to water which escaped from a defective pipe on defendant's premises, and defendant was held liable for such results as a reasonable man might anticipate.

In *Dahlin* v. *Walsh et al.*, 192 *Mass.* 163, it was held that where defendant piled snow upon any part of the sidewalk of a public street in such an accumulated mass that, by means of natural causes, which he ought to have foreseen, a danger would be created by melting and freezing, and ice did form therefrom on the sidewalk, whereby plaintiff exercising due care, was injured, the defendant would be responsible therefor.

While a party would not be responsible at all times for conditions resulting from natural causes, still if for his own convenience or benefit, he undertakes to store snow, which has fallen in another place upon his own property, he is responsible for any injury which might reasonably be expected to result therefrom. It seems to be well settled that where one maintains upon his own property buildings which collect and temporarily hold snow and ice so that it may be reasonably expected that it will fall from such building to the sidewalk, or upon adjacent buildings of other property owners, and injury results therefrom, a cause of action exists.

In *Davis* v. *The Niagara Falls Tower Co.*, 171 *N. Y.* 336, it appeared that the defendant had constructed a tower on its land; that during the winter ice formed on the structure from sleet, melting snow and spray from the Falls of Niagara, and when a thaw occurred, large quantities of ice fell from the tower upon the roof of plaintiff's building with velocity sufficient to endanger human life, by means whereof the plaintiff's building and property had been injured, and an action brought to recover damages for such injuries was sustained.

So also in *Shipley* v. *Fifty Associates*, 106 *Mass.* 194, where the plaintiff was injured by the falling of snow which had

accumulated on the roof of a building so constructed as to permit such accumulations to fall into the street, the defendant was held liable for injuries which the plaintiff suffered from that cause.  Mr. Justice Ames, speaking for the court saying: "It will not be contended that they would have a right purposely to throw the snow or ice from the roof into the street at the risk of passengers without warning or precaution of any kind.  Have they the right to so construct their building that the roof in consequence of alternate freezing and thawing, and under the influence of natural laws, will in a like sudden and dangerous manner pour down an avalanche upon the sidewalk at the risk of the passing crowd? The plaintiff, at the time of the accident was where she had a right to be, and was not guilty of any want of due and reasonable care.  For the purpose for which she was using the sidewalk, her rights were exactly the same as if she owned the soil in fee-simple.  The case in our judgment depends on the same rules, and is to be decided on the same principles, as if it raised a question between adjoining proprietors in which the lands or buildings of one were injured by the manner in which the other had seen fit to occupy or use his own land and buildings.  In contemplation of law, the person is at least as much entitled to protection as the estate.  The right to discharge snow and ice from one's own house upon the person of the next door neighbor is certainly no better or stronger than the right to subject that neighbor's building or land to the same kind of inconvenience."

We can see no reasonable distinction between the erection of a building so constructed as to accumulate large quantities of snow or ice, which it may be reasonably anticipated will be thrown upon the adjoining property through natural causes, and the storage of large quantities of snow in such a position and under such circumstances as will from natural causes render the adjoining sidewalk dangerous to persons lawfully passing along the same, for as said in *Shipley* v. *Fifty Associates, supra,* "Whoever for his own purpose brings on his land, and collects and keeps there anything likely to do mischief if it escapes, must keep it in at his peril."

Manifestly if one should cart upon his lot large quantities of snow and leave it there to melt and discharge water over the sidewalk, at a time when it might reasonably be expected that such water would congeal on the sidewalk and render it a dangerous place for the public to travel over, he would have created a condition from which he might reasonably antici- pate that persons who used the sidewalk would be thrown and injured, and if so he would be chargeable with the injuries that resulted from his conduct.

There is a distinction between surface water and the natural fall of snow, conditions over which one has no con- trol, and the collection of snow and ice by physical means in unusual quantities for the convenience and benefit of the party making the accumulation. This cause has been con- sidered and disposed of without passing upon the effect of municipal ordinances requiring the removing of snow from public streets, for the reason that no such element appears in this case.

Having concluded that the declaration discloses a cause of action, the demurrer will be overruled.