AVA LIGHTCAP AND HARRY LIGHTCAP, HER HUSBAND, v. LEHIGH VALLEY RAILROAD COMPANY.

Argued February 18, 1915—Decided May 6, 1915.

The plaintiff was injured by falling upon a public street caused by ice which had formed there by the freezing of water, which had run upon the sidewalk from the melting of snow lying upon the defendant's land. The plaintiff offered testimony from which an inference might be drawn that some snow had been brought upon the premises which had not naturally fallen there. The court was asked to charge that, in order to permit the plaintiff to recover, it must be shown that the snow was brought upon the premises from the sidewalk or from off the premises, and that the mere shoveling of snow on the premises to make paths on the land or roadway, will not entitle the plaintiff to recover, which request the trial court refused. *Held*, that this was error, and that it was not cured by the instruction, "It is for you to decide whether the defendant did permit and allow this snow to be shoveled and accumulated on this property," for it was not an adequate substitute for the defendant's specific request.

---

On appeal.

Before Justices TRENCHARD, BERGEN and BLACK.

For the plaintiffs, *Elinor R. Gebhardt*.

For the defendant, *Smith & Brady*.

The opinion of the court was delivered by

BERGEN, J.    The defendant is the owner of a tract of land adjacent to a public street in the town of Phillipsburg.   This street was laid out by the municipal authorities and its improvement required an excavation along the land of the defendant which sloped towards the street and the defendant built a retaining wall along the side of the street which required some filling in order to bring the slope to the top of the wall, thereby reducing the natural slope although not enough to prevent the surface water falling on defendant's land from running over the wall and falling on the street.   There was some evidence that prior to these improvements the surface water escaped partly by running over the land taken for the proposed street, and partly in another direction towards a canal basin, and that the defendant so changed the topography of its land as to cast all the surface water on the street.   At the time of the accident which produced plaintiff's injuries, she was walking with her husband along the sidewalk, a part of which was covered with ice resulting from the melting of the snow lying upon defendant's land which had run over the wall and fallen upon the sidewalk.   As the plaintiff was walking along the sidewalk, she fell upon the ice and received injuries for which she brought her suit in which her husband joined, and each recovered a verdict, upon which judgment has been entered, and from which the defendant appeals.

The first point argued is, that the trial court erroneously refused defendant's motion for a nonsuit which was based upon several grounds, the first of which was, that the plaintiff was guilty of contributory negligence, in that she did not exercise reasonable care in going upon the ice which she saw.   But reasonable care only requires the precaution to be in proportion with the danger of injury, and this may vary with the circumstances of every case.   *Durant v. Palmer,*

29 *N. J. L.* 544. In the present case, plaintiff saw the ice on the sidewalk, but assumed that she could safely pass with the assistance of her husband whose arm she was holding. We think that the question whether she exercised reasonable care under these circumstances was one for the jury, otherwise the court would have to decide in each instance whether the condition of the sidewalk as to ice and snow was such that a person in the exercise of reasonable care would not undertake to walk along it, and we think there was no error in the refusal to nonsuit upon this ground.

The next point in support of the motion is, that there was no evidence to show a greater flow of water over the street after the improvement than there was before. But the evidence on this point was contradictory, and therefore the precise point raised on this part of the case, under this theory, was a question of fact.

The third matter urged by the defendant was, that the laying out of the sidewalk and its grades were fixed by the municipality of Phillipsburg, and that the defendant was not chargeable for anything that occurred because the street was entirely changed. But manifestly this is no ground for nonsuit, because the basis of the action is not that the grade of the street had been changed, but that the defendant had negligently caused the street to become dangerous.

The fourth and last point was, that there was no evidence that the defendant piled any snow upon its property to cause a greater flow of water from the melting of the snow. There was some evidence, perhaps of doubtful meaning, from which it might be inferred that the snow had been shoveled from the sidewalk on the property of the defendant, and while we might not draw such an inference if we were settling the question of fact, still there was enough to raise a jury question, and therefore the trial court would not have been justified in granting a nonsuit either upon the ground of the want of proof of negligence on the part of the defendant, or, because of the contributory negligence of the plaintiff. The defendant also argues in its brief, that the court improperly charged the jury that if the defendant

created on its ground, by the change of grade of the street and the other changes which were made there, such an unnatural and artificial condition as caused the water to accumulate and run over the sidewalk and produce the ice, the defendant is liable. But no exception was taken to this part of the charge, and we are not called upon to determine its correctness, and it is only here referred to because we do not wish it to be assumed that the correctness of this legal proposition is approved simply because it was not referred to. If the natural fall of snow be treated the same as surface water, then it may well be doubted whether changing the topography of the land in such manner as to divert in a particular direction water resulting from melting snow, is an actionable injury. *Bowlsby* v. *Speer,* 31 *N. J. L.* 351.

The only other error assigned which it is necessary for us to consider is, the refusal of the trial court to charge this request, "In order to recover by reason of snow piled on the premises melting and running to the sidewalk and freezing, it must be shown that the snow was brought upon the premises from the sidewalk or from off the premises. The mere shoveling of snow on the premises to make paths on the land or roadway will not entitle the plaintiff to recover." This we think the defendant was entitled to have charged, otherwise the court would be required to hold that every person owning land adjacent to a street who removed snow from a path leading to a dwelling-house would be responsible for injuries caused by falling upon ice which came from the melting of snow and the running of the water therefrom upon a sidewalk, and it is quite well settled that the landowner owes no duty to a pedestrian to keep the sidewalk clear of ice and snow coming thereon from natural causes, or to guard against the risk of accident by scattering ashes or using any other like precaution. *Kirby* v. *Boylston Market Association,* 14 *Gray* 249. All the cases on this subject, where the defendant has been held liable, are those where the injury was caused by the creation of a nuisance upon the highway by the defendant, as by the artificial accumulation of ice and snow upon the sidewalk in front of his

premises, or upon his premises adjacent thereto as indicated by this court in *Aull* v. *Lee,* 84 *N. J. L.* 155. Nor does it appear that the request was charged. What the court said on this point is: "It is for you to decide whether the defendant did permit and allow this snow to be shoveled and accumulated on this property. If it did not, and the plaintiffs have not satisfied you by a fair preponderance of the evidence, then the plaintiffs cannot recover on that branch of the case. If the plaintiffs have satisfied you in that way by a preponderance of the testimony over that of the defendant, then they have established to your satisfaction that the snow was piled in the way I have indicated." There does not appear to be in the charge any indication of the way in which the snow must be piled to render the defendant liable, except such as may be found in the excerpts from the opinion in *Aull* v. *Lee, supra,* and that does not clearly state what was requested, and the defendant was entitled to have charged the law as applicable to the facts in this case. The opinion which the trial court read to the jury was read in a case where it was conceded that the defendant had brought snow from beyond his own land and artificially accumulated it upon it for her own purposes, while in the case under consideration, there was evidence from which a jury might well infer that all the snow which was piled on the defendant's premises was that which had naturally fallen there, and what the court said was not "an adequate substitute for the defendant's specific request." *Mellon* v. *Victor Talking Machine Co.,* 77 *Id.* 670. We think the refusal to charge as requested in this case was an error injurious to the defendant, and for that reason the judgment should be reversed and a *venire de novo* awarded.