WILLIAM MASSEY *v.* EDWARD WORTH.

(*March* 8, 1938.)

HARRINGTON, RICHARDS and SPEAKMAN, J. J., sitting.

*David F. Anderson* (of Ward and Gray) for plaintiff.

*William H. Bennethum* (of Marvel, Morford, Ward and Logan) for defendant.

Superior Court for New Castle County, Action on the Case for Negligence, No. 56, March Term, 1937.

HARRINGTON, J., delivering the opinion of the Court:

This case is before us on a demurrer to the plaintiff's declaration, and the question to be determined is whether it appears from it that he has a cause of action against the defendant.

The first count of the declaration alleges, in substance, that on February 2nd, 1936, the defendant was the owner and occupant of a certain house and lot abutting on a sidewalk in and along a specified public highway; that there was then a natural accumulation of snow on that sidewalk; that the defendant's driveway, leading from his property to the public highway, crossed it, and he used and permitted that portion of the sidewalk crossed by his said driveway to be used by the passage of vehicles over it, so that the snow thereon became and was "packed down and made smooth and slippery ice"; that the plaintiff was a pedestrian using that sidewalk, and by reason of its dangerous and slippery condition, caused by the improper and negligent acts of the defendant, fell and was injured.

The second count not only alleges the same facts, but also, alleges that it was the duty of the defendant to remove or abate the dangerous and slippery condition of the said sidewalk, so caused by his use, or permitted use of it, within a reasonable time after he knew, or should have known of that condition.

The third count alleges substantially the same facts, but further alleges that the defendant failed to use precautions to prevent the natural accumulation of snow on the sidewalk in question, and its subsequent "packing down" by his use, or permitted use of it.

■ Generally speaking, "If an individual, whether the adjoining owner or not, or whether the fee in the public way is in himself or in the public, does any act which renders the use of the street hazardous, or less secure than it was left by the proper public authorities—as by excavations made in the sidewalks, or by unsafe hatchways left therein, or by opening or leaving open areaways in the travelled way, or by undermining the street or sidewalk—he commits a nuisance, and he is liable to any person who, while exercising due care, is injured in consequence." 3 *Cooley on Torts, 4th Ed.,* § 452; see, also, *Mullins v. Siegel-Cooper Co.,* 95 *App. Div.* 234, 88 *N. Y. S.* 737; *City of Seattle v. Puget's Sound Improvement Co.,* 47 *Wash.* 22, 91 *P.* 255, 12 *L. R. A.* (*N. S.*) 949, 125 *Am. St. Rep.* 884, 14 *Ann. Cas.* 1045; *Louth v. Thompson,* 1 *Penn.* 149, 39 *A.* 1100.

■ An abutting owner or occupant of property may, therefore, be liable at common law for injuries caused by his own wrongful act in accumulating snow or ice upon a sidewalk adjoining his premises. *Dahlin v. Walsh,* 192 *Mass.* 163, 77 *N. E.* 830, 6 *L. R. A.* (*N. S.*) 615, and note; *Aull v. Lee,* 84 *N. J. L.* 155, 85 *A.* 1018; *Sewall v. Fox,* 98 *N. J. L.* 819, 121 *A.* 669, 28 *A. L. R.* 1357; 43 *C. J.* 1106.

■ He may, also, be liable for injuries caused by an artificial discharge of water from his premises to the sidewalk at a time when it would naturally freeze and make such sidewalk slippery and dangerous for public travel. *Dahlin v. Walsh,* 192 *Mass.* 163, 77 *N. E.* 830, 6 *L. R. A.* (*N. S.*) 615; *Aull v. Lee,* 84 *N. J. L.* 155, 85 *A.* 1018; *Allen v. Salmansohn,* 254 *Mass.* 500, 150 *N. E.* 299.

As the plaintiff's attorney points out, a person may likewise be liable for the resulting injuries and damages, if he leaves a baggage truck on the sidewalk (*Tiborsky v. Chicago, etc., R. Co.,* 124 *Wis.* 243, 102 *N. W.* 549), or

a hose stretched across it (*Lattimore v. Union E. L. & P. Co.*, 128 *Mo. App.* 37, 106 *S. W.* 543).

A state or county highway, including a sidewalk within its boundaries, is primarily intended for public travel, and, in fact, in most cases a dangerous condition, defect or obstruction therein, not caused by its ordinary, reasonable and usual use, as such, and which unnecessarily, materially and unreasonably interferes with its being used for the purpose for which it was intended, is a nuisance, and may make the person, causing the dangerous condition, liable in damages to a traveller injured thereby. *Louth v. Thompson*, 1 *Penn.* 149, 39 *A.* 1100; *Grace v. Shattuck*, 35 *N. H.* 257, 69 *Am. Dec.* 536; see, also, *Hitchens v. W. & P. Traction Co. et al.*, 3 *W. W. Harr.* (33 *Del.*) 375, 138 *A.* 617; *State v. Peckard*, 5 *Harr.* 500.

But "in the absence of a statute or ordinance changing the rule, an abutting owner is not liable for injuries resulting from his failure to repair a defect in a sidewalk which he has not caused." 3 *Cooley on Torts*, 4th Ed., § 452; *Elliott on Roads and Streets*, § 898; 13 *R. C. L.* 321, 415; *Hanley v. Fireproof Building Co.*, 107 *Neb.* 544, 186 *N. W.* 534, 24 *A. L. R.* 382, and note; *Mullins v. Siegel-Cooper Co.*, 95 *App. Div.* 234, 88 *N. Y. S.* 737; *City of Rochester v. Campbell*, 123 *N. Y.* 405, 25 *N. E.* 937, 10 *L. R. A.* 393, 20 *Am. St. Rep.* 760.

Applying the same principles, at common law, neither the owner nor the occupant of premises, abutting on a sidewalk, was liable for injuries caused by the natural accumulation of snow or ice thereon. *Pickett v. Waldorf System*, 241 *Mass.* 569, 136 *N. E.* 64, 23 *A. L. R.* 1014; *Sewall v. Fox*, 98 *N. J. L.* 819, 121 *A.* 669, 28 *A. L. R.* 1357; *Dahlin v. Walsh*, 192 *Mass.* 163, 77 *N. E.* 830, 6 *L. R. A.* (*N. S.*) 615, and note; *McGrath v. Misch*, 29 *R. I.* 49, 69 *A.* 8, 132 *Am. St. Rep.* 798; *Kirby v. Boylston Market Ass'n*,

14 *Gray* (*Mass.*) 249, 74 *Am. Dec.* 682; 43 *C. J.* 1106; 13 *R. C. L.* 88.

 Nor, under like circumstances, was such an owner or occupant required to guard against the risk of accident by sprinkling ashes on a sidewalk bordering on his property, or by taking other like precautions for the protection of the public, no matter how slippery and dangerous the sidewalk had become from its ordinary use, as such. *Aull v. Lee*, 84 *N. J. L.* 155, 85 *A.* 1018; *Dahlin v. Walsh*, 192 *Mass.* 163, 77 *N. E.* 830, 6 *L. R. A.* (*N. S.*) 615, and note; *Lightcap v. Lehigh Valley R. Co.*, 87 *N. J. L.* 64, 94 *A.* 35; 43 *C. J.* 1106.

 We must bear in mind, also, that an owner or occupant of property along a public highway has the undoubted right to use it in a reasonable and proper manner, as a means of access to and from his property, whether he travels on foot, in vehicles, or otherwise (*Mullins v. Siegel-Cooper Co.*, 95 *App. Div.* 234, 88 *N. Y. S.* 737; *Knoth v. Meltzer*, 3 *Misc.* 596, 23 *N. Y. S.* 342; 125 *Am. St. Rep.* 344) ; and this is generally true, though, in exercising that right with vehicles, he must drive across a sidewalk composing a part of the public highway (*Den Braven v. Public Service, etc., & Gas Co. et al.*, (*Err. & App.*) 115 *N. J. L.* 543, 181 *A.* 46).

 In view of the cases cited by the plaintiff, perhaps we should, also, state that the general right of the public to the free and unobstructed use of a public highway is always subject to such reasonable limitations and to such incidental temporary and partial obstructions as manifest necessity may fairly require. *Graves v. Shattuck*, 35 *N. H.* 257, 69 *Am. Dec.* 536; *Callanan v. Gilman*, 107 *N. Y.* 360, 14 *N. E.* 264, 1 *Am. St. Rep.* 831; *Commonwealth v. Passmore*, 1 *Serg. & R.* (*Pa.*) 217; 13 *R. C. L.* 210; 29 *C. J.* 617.

For instance, an abutting owner or occupant may make such partial and temporary use of a public highway as is reasonably necessary and proper for the loading and unloading of goods and merchandise, for the unloading of coal and other similar articles (*King v. Swanson*, 216 *Ill App.* 294; *Com. v. Passmore*, 1 *Serg. & R. (Pa.)* 217; *Graves v. Shattuck*, 35 *N. H.* 257, 69 *Am. Dec.* 536; 125 *Am. St. Rep.* 348; 13 *R. C. L.* 210, 217); and many other examples of permitted partial and temporary uses of a public highway might be given (see *Com. v. Passmore*, *Graves v. Shattuck*, and *Callanan v. Gilman*, *supra*).

In using and partially obstructing a public road or sidewalk for any such purpose of a more or less personal or private nature, the person so doing must bear in mind, however, that such road or sidewalk is primarily intended for public travel, and the right to obstruct it, even temporarily and in part, must be exercised in a reasonable manner, and with due regard to the paramount rights and safety of the public. *Callanan v. Gilman*, 107 *N. Y.* 360, 14 *N. E.* 264, 1 *Am. St. Rep.* 831; *People v. Cunningham & Harris*, 1 *Denio (N. Y.)* 524, 43 *Am. Dec.* 709, and note; 3 *Cooley on Torts*, 4th Ed., § 452; 13 *R. C. L.* 214.

It is conceded that the sidewalk, on which the plaintiff fell and was injured, composed a part of the public highway. The plaintiff claims, however, that the defendant's use of vehicles in crossing over that part of the sidewalk, at the entrance to his driveway, as a means of access to and from the highway, at a time when there was a natural accumulation of snow on it, and so as to make it slippery and dangerous for pedestrians, was an unwarranted and improper use thereof.

He further claims that the defendant's use of that part of the sidewalk in question, in connection with his driveway, and as a means of access to and from the highway, was so

inseparably connected with the mere private use and enjoyment of his own property, that the hazard created by him was a nuisance and in the same class as open areaways, cellarways, coal chutes, defective gratings, and the like, constructed and maintained by a person for the benefit of his own property, and made him personally liable for any resulting damages suffered by the plaintiff.

In support of this contention, he largely relies on *King v. Swanson*, 216 *Ill. App.* 294, and on 3 *Cooley on Torts, 4th Ed.,* § 452, *supra;* but *Mullins v. Siegel-Cooper Co.*, 95 *App. Div.* 234, 88 *N. Y. S.* 737, 739 is perhaps in the same class.

In *King v. Swanson*, 216 *Ill. App.* 294, *supra,* the evidence tended to show that on the evening of December 15th, 19..., the plaintiff was walking along the sidewalk, in front of the defendant's laundry, on Oak Street in the City of Chicago, when she slipped and fell and was seriously injured; that there was more or less snow and ice on all of the sidewalk in front of the defendant's premises, but that a strip, about four feet wide, extending from the curb to his place of business, was much more slippery than the other portions of it; that the defendant operated a laundry, and, in the conduct of its business, large baskets filled with clothing were dragged across the sidewalk and the snow thereon, and that use made the four-foot strip above re ferred to slippery and dangerous for public travel. In refusing to set aside a verdict for the plaintiff, in the court below, the Appellate Court, among other things, said: "In the instant case the injury was brought about by reason of the fact that defendant used the sidewalk in the conduct of his personal business, and such being the case he was responsible for the dangerous condition which he created. * * * The streets of a city from side to side and from end to end belong to the people, and they primarily have the right to the free and unobstructed use thereof. The side-

walks are part of the street. It is true that abutters upon the street may use the sidewalk in front of their premises for the purpose of loading or unloading goods or merchandise, and may thus temporarily obstruct the use of the street, providing it is reasonably necessary to do so. But where an abutter does so, it is his duty to see that such use does not make the sidewalk dangerous for persons rightfully using it. In the instant case, the evidence tended to show and the jury have found that the use made of the sidewalk by the defendant in the conduct of his personal business rendered the sidewalk unsafe and, therefore, he is responsible."

In *Mullins v. Siegel-Cooper Co., supra,* the plaintiff was injured by a fall caused by her tripping over a flagstone in the sidewalk in front of the defendant's premises, and at the end of its lane leading to the public street. The evidence tended to show that the stone in question was raised two or three inches above the level of the adjacent surface of the sidewalk.

The defendant had let a contract to build a stone wall, near the rear of its lot, and to accomplish that work it was necessary for the contractor to draw heavy wagon loads of stone and other building materials into the lot and across the flagstones, composing the sidewalk in front of it. Apparently, the condition of the walk was largely caused thereby, but it seems that it subsequently grew worse as a result of the use of that part of it by the wagons of the defendant company, and, also, by the carts of an independent contractor who had purchased manure from the defendant's stables, and who carted it away weekly.

After stating that, as a general rule, an abutting owner was not bound to keep a sidewalk in repair, and was not responsible to travellers for defects therein, not caused by him, the court said: "It is equally well established, however,

as an exception to this rule, that, when the owner of abutting property uses the sidewalk to his individual advantage, or interferes with the sidewalk in such a way as to interfere with the rights of pedestrians thereon, he must use reasonable care to see that such use does not render the sidewalk unsafe or dangerous."

Applying these principles, the court held that the facts presented a jury question, and refused to set aside a verdict for the plaintiff in the court below.

Neither of these cases involved facts similar to the instant case, and do not govern its decision, nor is the citation from *Cooley on Torts* applicable.

The defendant's demurrer admits the alleged hazardous and slippery condition of that part of the sidewalk along his premises, where the plaintiff fell; it, also, admits that the defendant either caused or was responsible for that condition. But this is an action for negligence, which is the performance or the omission of some act in violation of a legal duty. *Garber v. Whittaker,* 6 *W. W. Harr.* (36 *Del.*) 272, 174 *A.* 34.

It has, also, been aptly said that negligence "implies a blameworthy antecedent inadvertence to possible harm." 1 *Str. Found. Leg. Liab.* 73.

The declaration does not allege, and, therefore, the demurrer does not admit that the defendant's use, or permitted use, of the sidewalk at the entrance to his driveway was in any sense unusual, improper, or unreasonable, either in the kind of vehicles used, the manner of their use, or otherwise. True, there was a natural fall of snow on the sidewalk, but that would not prevent its use by the defendant in a proper manner as a public highway, and as a means of access to his property. *Den Braven v. Public Service, etc., & Gas Co. et al.,* (*Err. & App.*) 115 *N. J. L.* 543, 181 *A.* 46.

So far as appears, his use was merely that use which every occupant of premises, with a driveway leading therefrom, crossing the sidewalk into the public highway, exercises. Seemingly, it was the same lawful use, though slightly different in kind, that a pedestrian exercises when he travels along a sidewalk, or crosses it, in going to his own property. *Den Braven v. Pub. Service, etc., & Gas Co.,* 115 *N. J. L.* 543, 181 *A.* 46, *supra.*

The declaration, therefore, does not show that the defendant violated any duty owed to the plaintiff, or that any actionable blame can be attached to his acts, even though he created a hazardous condition by his use of the sidewalk in question. *Den Braven v. Public Service, etc., & Gas Co. et al., (Err. & App.)* 115 *N. J. L.* 543, 181 *A.* 46.

Having reached this conclusion, it is unnecessary for us to consider whether, in any aspect of this case, the mere allegation that the snow on the sidewalk was "packed down and made smooth and slippery ice," by the defendant's use, would be sufficient to sustain an action by a person injured by slipping and falling on such sidewalk. See *Elliott on Roads and Streets,* § 804; 20 *L. R. A.* (*N. S.*) 201, note.

For the reasons above given, the demurrer to each count of the plaintiff's declaration is sustained.