Davis *v.* Feinstein, Appellant.

Argued April 15, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Michael A. Foley,* for appellants.

*Raymond Pace Alexander,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 26, 1952:

This is an appeal from judgment entered on a jury's verdict for plaintiff in an action of trespass. Defendants concede that there was sufficient evidence of negligence to submit the case to the jury but rest their motion for judgment *non obstante veredicto* on the sole ground that plaintiff was guilty of contributory negligence as matter of law. We agree with the learned court below that a jury question was presented.

Plaintiff is a blind man. While walking south on 60th Street between Market and Arch Streets in Philadelphia, he fell into an open cellarway in front of the furniture store maintained by defendants. The opening was equipped with a cellar door, flush with the pavement when closed, and consisting of two sections each about two and one-half feet wide. When the door was open, an iron bar about five feet in length usually connected the two sections at the front, holding them erect and thus presenting a barrier which would ordinarily prevent a pedestrian from stepping into the opening. At the time of the accident, the north section was closed and even with the sidewalk; the connecting bar was not in place; and the south section of the door was standing erect. It was into the aperture thus left uncovered that the plaintiff fell and suffered the injuries which were the basis of this suit. Defendant introduced testimony to contradict the plaintiff's testimony that one door was closed at the time of the accident. We must, however, accept plaintiff's version

under the familiar rule that in considering defendants' motion for judgment n.o.v. all reasonable inferences from the testimony must be taken most favorably to plaintiff: *Guca v. Pittsburgh Railways Company,* 367 Pa. 579, 581, 80 A. 2d 779.

Plaintiff further testified that on the morning of the accident he carried a white cane customarily employed by blind persons. He described his use of it as follows: "A. As I walked down, I touched this way to guide myself to see if I am walking straight. I had the cane in front of me. I touched over here to see if I went from one side to the other. Q. You are referring to the fact that you moved your cane to the right? A. Yes. Q. What did you do with respect to your front distance? A. I put it up at least two or three feet like that and as I step, I put it two steps ahead as I step one step. Q. In front of you? A. Yes."

Both sides agree with the statement of the learned court below that the controlling authority is *Smith v. Sneller,* 345 Pa. 68, 26 A. 2d 452. In that case the blind plaintiff employed no cane or other compensatory aid. Speaking through Mr. Chief Justice DREW (then Justice) we said (p. 72): "While it is not negligence per se for a blind person to go unattended upon the sidewalk of a city, he does so at great risk and must always have in mind his own unfortunate disadvantage and do what a reasonably prudent person in his situation would do to ward off danger and prevent an accident. The fact that plaintiff did not anticipate the existence of the ditch across the sidewalk, in itself, does not charge him with negligence. But, it is common knowledge, chargeable to plaintiff, that obstructions and defects are not uncommon in the sidewalks of a city, any one of which may be a source of injury to the blind. Plaintiff's vision was so defective that he could not see a dangerous condition immediately in front of him. In such circumstances he was bound

to take precautions which one not so afflicted need not take. In the exercise of due care for his own safety it was his duty to use one of the common, well-known compensatory devices for the blind, such as a cane, a 'seeing-eye' dog, or a companion."

In the instant case plaintiff testified that he was employing his cane as a guide, moving it laterally in order to touch the walls of abutting buildings and keep on a straight course, and also tapping the ground before him to search out obstacles in his path. Defense counsel argues: "Even as a man with sight cannot say he did not observe that which was open and obvious, neither can a blind man say that he made proper use of the cane and was unable to learn of the existence of the defect. It necessarily follows that he did not have a proper instrument, that is to say, the cane was not adequate or he did not use it properly."

We did not so decide in *Smith v. Sneller*, supra. A blind person is not bound to discover *everything* which a person of normal vision would. He is bound to use due care under the circumstances. Due care for a blind man includes a reasonable effort to compensate for his unfortunate affliction by the use of artificial aids for discerning obstacles in his path. When an effort in this direction is made, it will ordinarily be a jury question whether or not such effort was a *reasonable* one. The general rule applies that "Contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence . . .": *Guca v. Pittsburgh Railways Company*, 367 Pa. 579, 583, 80 A. 2d 779.

It was not unreasonable for the jury to have concluded that plaintiff exercised due care for his safety when he used his cane in the manner which he described. The uncontroverted physical facts did not effectively disprove plaintiff's testimony.

Judgment affirmed.