JESSIE DITMORE MILLER NIBLETT, Administratrix of the Estate of George Edward Miller, deceased, Plaintiff, v. PENNSYLVANIA RAILROAD COMPANY, a Pennsylvania corporation, and KOPPERS COMPANY, INC., a Delaware corporation, Defendants.

(*March* 8, 1960.)

TERRY, P. J., sitting.

*Ernest S. Wilson, Jr.* (of the firm of Morford, Young and Conaway) for the Plaintiff.

*David N. Snellenburg, II,* (of the firm of Killoran and Van Brunt) for the Defendant, Koppers Company, Inc.

Superior Court for New Castle County, No. 54, Civil Action, 1959.

TERRY, P. J.:

This is an action for wrongful death, brought by decedent's Administratrix under the provisions of Section 3704, Title 10 of the *Delaware Code,* against the Pennsylvania Railroad Company, a Pennsylvania corporation, and Koppers Company, Inc., a Delaware corporation.

A brief résumé of the pertinent facts which do not appear to be in dispute, as the same relate to Koppers, is as follows:

Plaintiff's decedent, George Edward Miller, was killed on June 27, 1958, when an express train, operated by the defendant, Pennsylvania Railroad Company, collided with a motor vehicle operated by the deceased, at a railroad crossing in New Castle County.

The deceased, a business invitee, had visited the industrial plant of Koppers for the purpose of servicing calculator machines, and the collision forming the basis of this action occurred while he was leaving the plant by way of Lindberg Avenue, which crosses the railroad right of way.

The Koppers plant site is contiguous to the railroad right of way, and Lindberg Avenue is the sole means of ingress,

egress, and passage to the plant, and is, and has been, in constant use by Koppers, its employees, and business invitees.

Koppers maintained a manually operated gate on its side of the railroad right of way capable of being closed so as to prevent theft of property belonging to Koppers. The gate was open and unattended on the day of the collision. In addition to the gate, Koppers furnished a watchman at the crossing during certain periods of bad weather. On the day of the collision, the weather was clear and no watchman was in attendance.

South of the crossing, the railroad tracks and right of way are approximately straight and level for a distance of over one mile. North of the crossing, the tracks and right of way are straight and level for a distance of upwards of 1,000 feet.

The deceased had been to the Koppers plant on several different occasions, each time passing over the crossing in question. In leaving the plant on the day in question, he approached the crossing at a speed of approximately ten miles per hour. At the same time, a slow freight was approaching from the south, and a fast express train was approaching from the north. The deceased reduced his speed to approximately three miles an hour, and as he proceeded across the tracks, his automobile was struck by the southbound express train, which collision resulted in his instant death.

The plaintiff has alleged that Koppers was negligent in the following particulars:

1.  That it failed to provide automatically controlled gates at the private crossing;

2.  That Koppers failed to close the manually operated gate it maintained on the east side of the railroad; and,

3.  That Koppers failed to provide a guard for the protection of the deceased.

Koppers has answered by alleging:

1. That it has discharged any and all duties which it may have owed to the deceased, an invitee; and,

2. That the deceased was guilty of contributory negligence.

For the purpose of this opinion, I shall assume, *arguendo*, that Koppers, by deed, obtained a right of way over said crossing.

Notwithstanding the allegations of the respective parties, the issues present a narrow question to be determined, that is: under the facts and circumstances of the present case, was Koppers negligent in that it violated a duty that it owed to the deceased, an invitee, in regard to his safety?

■■ The law is well settled that an owner of land is not an insurer of the safety of an invitee. Mere ownership does not render one liable for injuries sustained by persons who have entered thereon, even though he has invited them to enter. A property owner's liability to an invitee for injuries not intentionally inflicted must be predicated upon negligence, and there is no presumption of negligence on the part of an owner merely because an invitee is injured while rightfully upon the premises.

■■ The general rule is well established that the owner of land who invites a person to go upon his premises owes to such person a duty to exercise care, and to have his premises in a reasonably safe condition, and to give warning of any latent or concealed dangers. If an owner or occupant negligently allows a dangerous condition to exist on his premises, and leads an invitee into a dangerous trap, or exposes him to an unreasonable risk, and fails to give him warning of latent or concealed dangers which are known to the owner, or should have been discovered by him upon reasonable inspection, but not known to the invitee, the owner is liable in damages to the injured invitee, provided the invitee used ordinary care. *Prosser on Torts*, (2nd

Ed.), page 459; 65 *C. J. S.* Negligence § 48; 38 *Am. Jur.* (Neg.), Sec. 79; *Restatement of Torts,* Title E. Ch. 13, Sec. 343.

Liability in this respect is grounded upon the owner's superior knowledge of the danger to the invitee. It is when this perilous condition is known to the owner and not to the invitee that recovery is permitted. *Batson v. Western Union Telegraph Co.,* 5 *Cir.,* 75 *F.* 2d 154; *Vogt v. Wurmb,* 318 *Mo.* 471, 300 *S. W.* 278; 20 *R. C. L.* 56, par. 52. But there is no duty upon the owner to warn an invitee of a dangerous condition which is obvious to a person of ordinary care and prudence. *Le Vonas v. Acme Paper Board Co.,* 184 *Md.* 16, 40 *A.* 2d 43; *Long v. Joestlein,* 193 *Md.* 211, 66 *A* .2d 407; *McCreery v. Westmoreland Farm Bureau Co-op. Ass'n,* 357 *Pa.* 567, 55 *A.* 2d 399; *Prosser on Torts* (2nd Ed.), page 459; *Restatement of Torts, supra;* 1 *Stevenson—Law of Neg.,* Sec. 341.

Thus, if a danger is so apparent that the invitee can reasonably be expected to notice it and protect against it, the condition itself constitutes adequate warning. *Walker v. Greenberger,* 2nd Dist., 63 *Cal. App.* 2d 457, 147 *P.* 2d 105, 107, and cases cited therein; *Shanley v. American Olive Co.,* 185 *Cal.* 552, 197 *P.* 793; *Long v. Joestlein, supra;* 1 *Stevenson, op. cit.,* Sec. 341.

In the present case, the deceased had been to the plant on several previous occasions, crossing the tracks in question each time. Indeed, on the day in question, he had crossed the tracks to gain access to the plant. Therefore, as a matter of law, he must be charged with full knowledge of the hazard involved in crossing the tracks. This being so, his knowledge of this obvious danger was equal to that of Koppers. It thus follows that there was no duty on the part of Koppers to either warn deceased of, or protect him from, the danger inherent in his act of crossing the tracks. The obvious nature of the danger was adequate warning. Since Koppers had no duty to warn or protect in this instance, it could not have been negligent in failing to main-

tain a gate or watchman at the crossing. I know of no statutory requirement imposing a duty contrary to this common law principle. It also follows, that insofar as Koppers is concerned, there is no need to discuss the question of decedent's possible contributory negligence.

Defendant Koppers' motion for summary judgment is granted.

An Order will be entered upon motion.