Monica COKER, Plaintiff,

v.

## McDONALD'S CORPORATION, Defendant.

Superior Court of Delaware,
Kent County.

Submitted: Sept. 1, 1987.
Decided: Nov. 18, 1987.
Reargument Denied: Dec. 10, 1987.

Gary F. Dalton, of Prickett, Jones, Elliott, Kristol & Schnee, Dover, for plaintiff.

James F. Kipp and Robert K. Pearce, of Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for defendant.

## OPINION

RIDGELY, Judge.

This is a negligence action brought by Monica Coker ("plaintiff") against McDonald's Corporation ("McDonald's") stemming from alleged injuries sustained by plaintiff when she slipped on the grounds of a McDonald's restaurant in 1984. McDonald's has moved for summary judgment, claiming the condition that caused plaintiff's fall was open and obvious, there-

by negating any duty to warn her of this condition. Alternatively, McDonald's asserts as a matter of law that Ms. Coker is guilty of contributory negligence and is therefore barred from recovery.

## I.

Because McDonald's has moved for summary judgment, the facts must be viewed in a light most favorable to the plaintiff, and the defendant must demonstrate by uncontested facts that it is entitled to judgment as a matter of law. *Vanaman v. Milford Memorial Hospital, Inc.*, Del. Supr., 272 A.2d 718 (1970).

At the time of her fall, plaintiff's ambulatory skills were substantially impaired by two handicaps: (1) a degenerative joint disease in her legs that required her to wear a leg brace, and (2) impaired vision to the extent she was legally blind. She required a cane and the guidance of friends whenever she ventured out in public.

On January 2, 1984, plaintiff and two friends, Diane Hewitt and Joseph Skidmore, visited the McDonald's restaurant on North duPont Highway in Dover. After being helped out of the car by Ms. Hewitt, plaintiff placed her cane in her right hand and held Ms. Hewitt's elbow with her left hand. Ms. Hewitt guided the plaintiff onto the walkway directly ahead of the car in which they arrived.

The walkway is elevated approximately six inches above the parking lot level and is two to three feet in width. This walkway leads to the restaurant's doorway and is often used by patrons entering and exiting the restaurant. The area immediately adjacent to this walkway, on the side opposite the parking lot, is covered with white gravel. This gravel area is, at places, several inches below the level of the walkway.

At the time of the incident, the front of a parked car was protruding over a portion of the walkway. In order to gain entry into the restaurant, the plaintiff had to walk around this obstruction, thereby placing herself close to the edge of the walkway and the dropoff to the gravel.

As plaintiff attempted to feel her way around this obstruction by walking sideways, she held onto the protruding car with one hand. Ms. Hewitt, who was standing on the gravel to plaintiff's left, remained in physical contact with her. Plaintiff's friends told her to be careful while stepping around the car. Before her companions were able to warn her about the dropoff to the gravel, plaintiff lost her balance and fell when she placed her foot where she thought the walkway continued, only to discover the dropoff to the gravel.

## II.

■ The proprietor of a business has a duty to keep the portions of the premises which are expected to be used by customers in a reasonably safe condition. *Howard v. Food Fair Stores New Castle, Inc.*, Del.Supr., 201 A.2d 638 (1964); *Wilson v. Derrickson*, Del.Supr., 54 Del. 199, 175 A.2d 400 (1961); *Robelen Piano Co. v. DiFonzo*, Del.Supr., 53 Del. 346, 169 A.2d 240 (1961), 81 A.L.R.2d 750 (1962). The business proprietor has an additional duty to warn its customers of any latent or concealed danger. *Fahey v. Sayer*, Del. Supr., 48 Del. 457, 106 A.2d 513 (1954); *Niblett v. Pennsylvania Railroad Co.*, Del.Super., 52 Del. 380, 158 A.2d 580 (1960). McDonald's argues that, pursuant to *Niblett*, this Court should rule that the condition which caused plaintiff's fall was open and obvious.

## III.

The parties have not cited any Delaware cases addressing what is open and obvious to a blind person. This Court chooses to follow the rationale applied by Pennsylvania. *See Argo v. Goodstein*, Pa.Supr., 438 Pa. 468, 265 A.2d 783 (1970); *Davis v. Feinstein*, Pa.Supr., 370 Pa. 449, 88 A.2d 695 (1952); *Smith v. Sneller*, Pa.Supr., 345 Pa. 68, 26 A.2d 452 (1942). The *Argo* court, noting the plaintiff was using a cane at the time of his fall, stated:

A blind person is not bound to discover *everything* which a person of normal vision would. He is bound to use due care under the circumstances. Due care for a

blind person includes a reasonable effort to compensate for his unfortunate affliction by use of artificial aids for discovery of obstacles in his path. When an effort in this direction is made, it will ordinarily be a jury question whether or not such effort was a reasonable one.

*Argo* 265 A.2d at 788 (quoting *Davis v. Feinstein, supra*) (emphasis in original).

■ It follows from the Pennsylvania cases that what is an open and obvious condition to a blind person depends upon what, if any, tools or aids the blind person utilizes to discover the condition, and the degree to which such aids are used. The ordinary, prudent blind person who is reasonably using a cane, dog, or the guidance of her companions should discover open and obvious conditions to the extent these aids permit. Here, the plaintiff was using her cane and companions for guidance. Whether this attempt to compensate for her blindness was reasonable under the circumstances is a jury question.

### IV.

■ McDonald's further contends the warning plaintiff received to be careful when stepping around the car put her on notice of the condition causing her fall. When this warning is viewed in a light most favorable to plaintiff, it is too general to charge her with knowledge of any potential hazardous condition other than the car around which she was attempting to walk.

### V.

■ McDonald's next asserts contributory negligence. Contributory negligence is also ordinarily a question of fact for the jury unless but one conclusion can be drawn or inferred from the facts. *Adams v. Kline,* Del.Super., 239 A.2d 230 (1968); *Garofoli v. Salesianum School, Inc.,* Del. Super., 208 A.2d 308 (1965). The issue of contributory negligence is closely tied to the issue of whether the condition was open or obvious. As in the Pennsylvania cases, the central issue here is whether the blind plaintiff acted reasonably under the circumstances. Where the blind plaintiff is not using any aid, such as in *Smith v.*

*Sneller, supra,* a court could rule as a matter of law that the plaintiff was contributorily negligent. However, the plaintiff here was using two different aids. When the facts are viewed in a light most favorable to plaintiff, summary judgment is inappropriate.

Accordingly, defendant's motion for summary judgment is DENIED.

### ON MOTION FOR REARGUMENT

McDonald's seeks reargument with respect to its duty to warn of a condition which it contends was open and obvious to one with sight. McDonald's argues that a store owner owes no greater duty to a blind person than to a person with sight and, therefore, that it had no duty to warn on the facts of this case.

The duty to warn is not determined merely by the nature of a condition. Rather, the foreseeability of harm to invitees must be considered. Thus, "if a danger is so apparent that the invitee *can reasonably be expected to notice it and protect against it,* the condition itself constitutes adequate warning." *Niblett v. Pennsylvania Railroad Co., supra,* 158 A.2d at 582 (emphasis added). But "[i]n any case where the occupier as a *reasonable person should anticipate an unreasonable risk of harm* to the invitee notwithstanding ... the obvious nature of the condition, something more in the way of precautions may be required." *Prosser and Keeton on The Law of Torts* § 61, p. 427 (5th ed. 1984) (emphasis added); *see* Restatement (Second) of Torts § 343A, comment f (1965). Because reasonable persons could differ on the point, the issue of whether the harm to this blind plaintiff was foreseeable is an evaluative determination for the jury. *See Prosser, supra,* at § 45, p. 320. McDonald's is not entitled to summary judgment on these facts even if its contention is accepted by the Court that the condition was open and obvious to one with sight.

The motion for reargument is DENIED.