Mary ROCCI and Nicholas
Rocci, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 87–132–JLL.

United States District Court,
D. Delaware.

June 8, 1988.

Harold Schmittinger and Charles White-hurst of Schmittinger & Rodriguez, P.A., Dover, Del., for plaintiffs.

William C. Carpenter, Jr., U.S. Atty., and Charlene D. Davis, Asst. U.S. Atty., Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

This action was brought by Mary Rocci and her husband, Nicholas Rocci, against the United States of America ("Government"), under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 (1982). Plaintiffs allege that the Government's negligence caused Mrs. Rocci to fall and thereby suffer serious injuries as she stepped onto a ramp located in the roadway which abutted the sidewalk in front of the United States Post Office in Felton, Delaware. (*See* Docket Item ["D.I."] 1.) Mr. Rocci asserts a derivative claim for loss of his wife's consortium. (*Id.* ¶ 14.) Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1346(b) (1982), as this is a claim for personal injury alleged to have resulted from the negligent act or omission of government employees acting within their scope of employment. Presently before the Court is the Government's motion for summary judgment. (D.I. 16.) Because the Court finds (1) no genuine issue as to

any material fact; (2) that the Government did not have a duty to maintain or repair the ramp; and (3) that the Government had no duty to warn Mrs. Rocci of the ramp's defective condition, defendant's motion for summary judgment will be granted.

## II. BACKGROUND

The Court finds that the essential facts of this case are undisputed. At approximately 2:45 p.m. on April 27, 1985, Mary Rocci ("Mrs. Rocci" or "plaintiff") drove her van to the Felton, Delaware, Post Office ("post office"), located at the southeastern corner of High Street and Railroad Avenue. (D.I. 17A at A–3.) Mrs. Rocci usually made weekly visits to the post office, where she and her husband had kept a post office box for about thirteen years. (*Id.*) The weather that day was pleasant, according to Mrs. Rocci's best recollection. (*Id.*) Mrs. Rocci was wearing walking shoes with a slight heel. (*Id.* at A–7.) After depositing mail inside the post office (*id.* at A–15; D.I. 19A at B–7), Mrs. Rocci left the post office and headed back towards High Street, where her van was parked. As she stepped onto a ramp which extended from the sidewalk into High Street, Mrs. Rocci suddenly fell, causing a fractured right ankle and sprained left ankle. (D.I. 17A at 19–20.)

The ramp upon which Mrs. Rocci fell adjoined the sidewalk in front of the post office (on the south side of High Street) and extended northward into the roadway. (*See id.* at A–53(a).) The ramp consisted of a blacktop incline through which a pipe ran to carry water in the gutter of High Street. (*Id.*) It had been constructed in 1983 following the installation of sewer lines in High Street by the Kent County Engineering Department. (*Id.* at A–24, A–57, A–83.) Although there is some dispute as to the contractor who constructed the ramp, it is undisputed that neither the United States Postal Service ("Postal Service") nor its agents or employees participated in the design or construction of the ramp, which was located entirely on the roadway of High Street.

The post office stands on premises which the Postal Service has leased since 1969. (*Id.* at A–97, A–106.) The lease has been renewed on several occasions since then, during which time the ownership of the property has changed hands. (*Id.* at A–102 to A–105.) At the time of Mrs. Rocci's fall, the property was owned by Mr. & Mrs. Joseph Wininger. (*Id.* at A–100.)

## III. ANALYSIS

Plaintiffs have brought suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680.[1] The FTCA provides a limited waiver of sovereign immunity, primarily for civil actions arising from personal injury caused by the negligent act or omission of Government employees acting within their scope of employment. 28 U.S.C. § 1346(b). Section 1346(b) further limits the Government's liability to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* In the instant case, the alleged acts or omissions upon which liability would be based occurred in Delaware. Consequently, this Court must apply Delaware law to resolve the issues in question. *See Toole v. United States*, 588 F.2d 403, 406 (3d Cir.1978); *Hess v. United States*, 666 F.Supp. 666, 669–70 (D.Del.1987).

In the present action, plaintiffs allege that the Postal Service was negligent in two respects: first, in breaching an alleged duty to properly maintain and/or repair the ramp (D.I. 1, ¶¶ 8(b), 8(c)); and secondly, in breaching an alleged duty to warn Mrs. Rocci and those similarly situated of the alleged dangerous defect in the ramp. (*Id.* ¶ 8(d).)[2]

---

1. 28 U.S.C. § 2675(a) requires that an FTCA claim cannot be brought against the United States until the claimant has first brought it before the appropriate federal agency, which must make a final denial of the claim. Plaintiffs have complied with this provision.

2. Originally, plaintiffs' complaint also alleged negligence for failure to properly supervise construction of the ramp. (D.I. 1, ¶ 8(a).) However, Plaintiffs' Answering Brief in Opposition to Defendant's Motion for Summary Judgment (D.I. 19) concedes that the Postal Service owed

The Government maintains that the Postal Service owed no such duties. The Government therefore moves for summary judgment pursuant to Rule 56(b), Fed.R. Civ.P. Under Rule 56(c), Fed.R.Civ.P., this Court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The United States Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Applying Delaware law and the guidelines set forth above, the Court finds that entry of summary judgment for the Government is appropriate.

The first issue for determination is whether there exists a genuine issue as to any material fact. Plaintiffs assert that a genuine issue exists as to whether the Postal Service exercised control over the ramp. (D.I. 19 at 9–11.) In particular, plaintiffs point to the conflicting deposition testimony of Postmaster, Eugene Racz, and Felton Mayor, William Meyers, on whether the Postal Service took responsibility for removing snow from the ramp. While Mr. Racz testified that the Postal Service never removed snow beyond the edge of the street (D.I. 19A at B–23), Mayor Meyers testified that the Postal Service regularly hired someone to remove snow from the ramp. (*Id.* at B–28.) Plaintiffs

argue that if the Postal Service did in fact engage in removing snow from the ramp, it thereby exercised a degree of control over it. According to plaintiffs, this voluntary service and resultant control in turn would create a duty on the part of the Postal Service to "act reasonably" with regard to the ramp. Presumably, plaintiffs would then base a theory of liability on the breach of this duty. Thus, plaintiffs maintain that the question of snow removal creates a genuine issue of material fact and precludes summary judgment. The Court disagrees.

The United States Supreme Court has made clear that "there is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment may therefore be granted if the evidence is merely colorable or is not significantly probative. *Id.* Thus, not all factual disputes preclude entry of summary judgment. *Id.* at 2510. Rather, only those disputes which might affect the outcome of the suit under the governing law will properly do so. *Id.* Factual disputes that are irrelevant or unnecessary will not be counted. *Id.*

The Court finds that the conflicting testimony as to snow removal presents just such an irrelevant dispute. Even if the Postal Service undertook to remove snow from the ramp on a handful of days out of the year, that would not in itself impose a general duty to maintain or repair the structure of the ramp, which was not located on its leased property. Consequently, the dispute over snow removal is immaterial, and does not preclude entry of summary judgment.

■ The Court, therefore, now turns to address the first legal question: whether the Postal Service had a duty to maintain and/or repair the ramp. Delaware common law follows the generally accepted rule that, in the absence of statute, an owner or occupant of abutting real estate

no duty of care to Mrs. Rocci to supervise this   construction. (*Id.* at 6.)

is not liable to pedestrians who are injured as a result of defects in a sidewalk that the owner or occupant did not cause. *Schreppler v. Mayor and Council of the Town of Middletown*, 52 Del. 178, 2 Storey 178, 154 A.2d 678, 679 (1959). *See also Massey v. Worth*, 39 Del. 211, 9 W.W.Harr. 211, 197 A. 673, 675 (1938) (abutting owner is not liable for injuries resulting from failure to repair defect in sidewalk which owner has not caused). *See generally* Annotation, *Liability of Abutting Owner or Occupant for Condition of Sidewalk* ("Annotation"), 88 A.L.R.2d 331 (1963).[3]

In *Schreppler*, the plaintiff was injured when she tripped and fell on a sidewalk, due to unevenness caused by roots of a tree located at the curbline. 154 A.2d at 678. The roots had grown beneath the pavement and raised the sidewalk. *Id.* The owner had not attempted to maintain or repair the sidewalk. *Id.* at 679. The plaintiff brought a negligence suit against the owner of the property on which the tree and sidewalk were located. *Id.* In ruling for the owner, the Superior Court of Delaware held that the owner had no duty to maintain or repair the sidewalk. *Id.* The court, after noting the aforementioned general rule, reasoned that the owner had no duty to maintain or repair a defect which came about not at her own doing, but as the result of natural causes. *Id.*

The Supreme Court of Delaware has pointed out that the duty to use reasonable care to keep sidewalks safe for passage by citizens is generally imposed upon the municipality. *Burns v. Boudwin*, 282 A.2d 620, 622 (Del.Supr.1971). Even when a municipality places that burden on the abutting landowner, such delegation of responsibility does not prescribe a standard of care in favor of third parties. *Id.* In *Burns*, the plaintiff slipped and fell on a natural accumulation of ice and snow on a sidewalk abutting defendant's premises. *Id.* at 621. A local ordinance delegated to the owner of a lot abutting a sidewalk the duty of keeping the walk free of ice and snow, in order to allow for safe passage by

pedestrians. *Id.* The ordinance also imposed a criminal penalty upon abutting landowners who failed to comply with its provisions. *Id.* The supreme court held for the defendant, and expressly followed the majority rule that such an ordinance imposes no civil liability on the lot owner in favor of a third party injured by reason of a violation of the ordinance. *Id.* at 622.

In the instant case, it is undisputed that neither the Postal Service nor any of its agents or employees took any part in the design or construction of the alleged defective ramp. Furthermore, there is no evidence by which to indicate that the Postal Service in any way caused any defect in the ramp. In fact, the defect occurred over a gutter pipe which had been installed by the county, and which passed through the ramp. Moreover, the ramp was located entirely in the roadway of High Street and not on the leased property of the defendant. Under these circumstances, the Court agrees with the Government's position and, therefore, finds that Delaware law imposed no duty on the Postal Service to either maintain or repair the ramp.

■ The Court also agrees with the Government's position that the Postal Service, as the tenant of abutting property, had no duty to warn business invitees of a defective condition in the ramp. This Court has previously recognized that "[i]t is well settled in Delaware that a possessor of property is not an insurer of his business invitees safety while the invitee is on the property." *Hess v. United States*, 666 F.Supp. 666, 670 (D.Del.1987) (citing *Robelen Piano Co. v. DiFonzo*, 53 Del. 346, 3 Storey 346, 169 A.2d 240, 245 (1961); *Niblett v. Pennsylvania R.R. Co.*, 52 Del. 380, 2 Storey 380, 158 A.2d 580, 582 (1960)). Instead, the property possessor simply owes a duty to the business invitee to exercise reasonable care with respect to the property to which one is invited. *Dellinger v. United States*, 676 F.Supp. 567, 570 (D.Del.1987); *Hess*, 666 F.Supp. at 670.

---

**3.** Plaintiffs have failed to cite to any Delaware cases which would indicate that this general rule is subject to an exception where the injured person is a business invitee of the owner or occupant. For cases addressing this issue in other jurisdictions, *see* Annotation, *supra*, § 4.

The Supreme Court of Delaware has described this standard of care in detail. The possessor has a duty to warn of unreasonable risk on the possessor's property of which the possessor knows or should know by the exercise of reasonable care and which the invitee would not be expected to discover. *DiSabatino Brothers, Inc. v. Baio*, 366 A.2d 508, 510 (Del.Supr.1976). Thus, if the potential danger is so apparent that the invitee can reasonably be expected to notice it and protect against it, the condition itself constitutes adequate warning. *Niblett v. Pennsylvania R.R. Co.*, 52 Del. 380, 2 Storey 380, 158 A.2d 580, 582 (1960). Because of its similarity to the instant case, the factual background of *Niblett* bears close scrutiny.

*Niblett* involved an action for the wrongful death of plaintiff's decedent, who was killed when a train struck his car on a railroad crossing. 158 A.2d at 581. The crossing was contiguous to the plant site of codefendant, Koppers Company, Inc. *Id.* At the time of the collision, the deceased was leaving Koppers' plant, which he had visited for business purposes. *Id.* The deceased had visited the Koppers plant on several occasions, each time passing over the crossing in question. *Id.* The road which contained the crossing was the sole means of ingress, egress and passage to the plant. *Id.* The decedent's administratrix brought suit against Koppers claiming, *inter alia*, that it had been negligent in failing to provide adequate protection for motorists crossing the tracks. *Id.* at 581–82.

In granting Koppers' motion for summary judgment, the Superior Court of Delaware held that Koppers had no duty to warn invitees of a dangerous condition which would be obvious to a person of ordinary care and prudence. *Id.* at 582. The court concluded that where the danger is readily apparent, the condition itself serves as adequate warning. *Id.*

An analogous situation exists in this case. Mrs. Rocci had made weekly visits to the post office over the course of several years. The ramp in question had been in place for at least two years prior to Mrs. Rocci's accident. Consequently, Mrs. Rocci was well aware of the ramp's existence, placement and configuration. More importantly, the ramp was located on municipal property on High Street. In addition, it is undisputed that the Postal Service did not construct the ramp, and there is no evidence to indicate that the Postal Service in any way caused the defect in it. In light of all these factors, therefore, the Court finds that the Postal Service was under no duty to warn Mrs. Rocci of the ramp's potentially hazardous condition.

The Court finds no merit in plaintiffs' argument to the contrary. Plaintiffs cite to *Coker v. McDonalds Corp.*, 537 A.2d 549 (Del.Super.1987), for the proposition that a higher standard of care may be required when an occupier of land should anticipate an unreasonable risk of harm to an invitee from a dangerous condition, no matter how obvious that condition may be. *See Coker*, 537 A.2d at 551 (citing Prosser and Keeton on the Law of Torts § 61, at 427 (5th ed. 1984)). However, *Coker* is clearly distinguishable from the instant case. In *Coker*, the plaintiff, who fell from an elevated sidewalk in front of a restaurant, was legally blind. 537 A.2d at 550. In addition, she suffered from a degenerative joint disease in her legs which required a leg brace. *Id.* She therefore required the use of a cane and the guidance of friends whenever she ventured out in public. *Id.* In moving for summary judgment, McDonalds claimed that the condition causing plaintiff's fall was open and obvious, thus negating any duty to warn plaintiff of potential danger. *Id.* at 549–50. In assessing McDonalds motion, the Superior Court of Delaware needed to address the issue of what conditions would be open and obvious to a blind person. *Id.* at 550–51. The superior court explained that resolution of this issue in turn depended upon what aids the plaintiff used to compensate for her blindness. *Id.* at 551. The *Coker* court denied McDonalds' motion, finding that a jury should determine whether plaintiff's attempts at compensation were reasonable. *Id.* In denying McDonalds' motion for reargument, the superior court similarly found that "the issue of whether the harm

to [the] blind plaintiff was foreseeable is an evaluative determination for the jury." *Id.* In the instant case, however, this Court is simply faced with the question of what is open and obvious to an unimpaired plaintiff. *Coker*, therefore, is inapposite to the facts of this case.

Consequently, the only reasonable conclusion in this case is that the Postal Service had no duty to warn Mrs. Rocci of a defect, which it did not cause, in a ramp that was located in the roadway of municipal property. A contrary conclusion would open the door for extending the duty to warn to absurd lengths. Owners or occupiers of abutting property could then be charged with a duty to warn of innumerable dangers, including exposed potholes in the street, unsafe manhole covers or even dangerous traffic intersections. In sum, by their theory of liability in this case, plaintiffs appear to be making an effort to break new ground in the law. If such a change is forthcoming, however, this is not the case to work that transformation.

## IV. CONCLUSION

Plaintiffs, Mary Rocci and Nicholas Rocci, have brought suit against the Government under the FTCA. Plaintiffs have alleged that the Government's negligence caused Mary Rocci to fall and thereby suffer serious injuries as she stepped onto a ramp located on High Street which abutted the sidewalk in front of the United States Post Office in Felton, Delaware. The Government has moved for summary judgment. Because the Court has found (1) that there is no genuine issue as to any material fact; (2) that the Government had no duty to maintain and/or repair the ramp; and (3) that the Government had no duty to warn Mary Rocci of the ramp's alleged defective condition, the Government's motion for summary judgment will be granted.

Judgment will be entered accordingly.