SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

June 18, 2019

Philip T. Edwards, Esquire
Murphy & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Shae L. Chasanov, Esquire
Swartz Campbell, LLC
300 Delaware Avenue, Suite 1410
Wilmington, DE 19801

Re:    *Donna Fleischmann v. Blue Surf Condominium, LLC*
       <u>Civil Action No. S17C-08-022 ESB</u>

       Date Submitted: April 22, 2019

Dear Counsel:

This is my decision on Defendant Blue Surf Condominium, LLC's Motion for

Reargument in this case where Plaintiff Donna Fleischmann fell on the sidewalk after

exiting Blue Surf's building. Blue Surf owns a condominium and commercial shop

at 98 Garfield Parkway, Bethany Beach, Delaware. The sidewalk adjacent to Blue

Surf's building is owned by the Town of Bethany Beach. The Blue Surf building has

a Grotto's Pizza inside. Fleischmann and her family ate at Grotto's Pizza on July 29,

2016. After eating, Fleischmann exited the Blue Surf building by going down a set

of stairs on the side of the building which allows for ingress and egress to the

sidewalk. As Fleischmann stepped on to the sidewalk from the stairs her foot landed in a "broken concrete hole," causing her to lose her balance and fall.

The parties have identified two longstanding rules in Delaware that they believe are applicable to this case. The first rule is that an abutting landowner is not liable to pedestrians injured as a result of defects in a sidewalk, absent a statutory duty to repair the defect, unless the landowner caused the defect.[1] This rule imposes no liability on Blue Surf because Blue Surf has no statutory duty to repair the defect in the sidewalk and it did not cause the defect in the sidewalk. Blue Surf argues that this rule excuses it from all liability in this case even though Fleischmann was a business invitee and not just a person walking by on the sidewalk who had never set foot on Blue Surf's property. Blue Surf reasons that Fleischmann's status does not matter and the fact that she fell on a sidewalk is the critical factor that relieves Blue Surf of all liability.

The second rule is that a property owner owes a business invitee a duty to provide safe ingress and egress, including a duty to warn or protect against hazards on adjacent property.[2] Fleischmann argues that since the concrete defect was within a few feet of Blue Surf's building and in the area of ingress and egress to Blue Surf's

---

[1] *Lawson v. Wilmington College of Del., Inc.*, 2009 WL 27301, at *2 (Del. Super. Jan 5, 2009).

[2] *Wilmington Country Club v. Cowee*, 747 A.2d 1087, 1092 (Del. 2000).

building, it is reasonable to impose a duty to warn of the "broken concrete hole" upon Blue Surf. I agreed and denied Blue Surf's Motion for summary judgment.

I based my decision on *Cowee.* In *Cowee,* the Delaware Supreme Court held that "a property owner owes a business invitee a duty to provide safe ingress and egress, including a duty to warn or protect against hazards on adjacent property." [3] Fleischmann is a business invitee. Cynthia Cowee was too. The hazard in *Cowee* was the intersection of Route 52, the Kennett Pike, and the private entrance to the Wilmington Country Club. The intersection was hazardous because the Country Club had not marked or lighted its exit onto Route 52, making it difficult for people leaving the Country Club to tell that they were entering the intersection. Cynthia Cowee, after finishing work at a wedding reception at the Country Club, drove into the intersection and was struck by a truck. *Cowee* was not new Delaware law. The duty to warn a business invitee of hazards on adjacent property had been discussed in previous Delaware cases and those cases involved roadway and railroad intersections and a sidewalk. [4] While *Cowee* did not involve a sidewalk, I did not

---

[3] *Id.*

[4] *Niblett v. Pennsylvania Railroad,* 158 A.2d 580 (Del. Super. 1960) (holding that a property owner's duty to warn a business invitee of danger on adjacent land is based on owner's superior knowledge of such danger); *Rocci v. United States,* 688 F. Supp. 971 (D. Del. 1988) (acknowledging Delaware standard that possessor of land has a duty to warn of unreasonable risk on the possessor's property of which the possessor knows or should know by the exercise of reasonable care and which the invitee would not be expected to discover); *Coleman v. National*

think that made a difference. Instead, I reasoned that Fleischmann's status as a business invitee was the critical factor that imposed a duty on Blue Surf.

Blue Surf cited ten cases in support of its Motion for Reargument.[5] All dealt with sidewalks. However, only two – *Ptomey* and *Lawson* – involved a business invitee. The other cases all appeared to only involve pedestrians who were merely walking by the defendant's property on a sidewalk owned by someone else. Mere pedestrians get no special protection unless the abutting landowner had a duty to repair the sidewalk or caused the defect in the sidewalk. This certainly makes sense, because mere pedestrians who are just walking by on the sidewalk have no connection to the abutting landowner. Thus, it would make no sense to impose a duty to warn on the abutting landowner. Business invitees get treated differently because they do have a connection to the abutting landowner. They have gone to the owner's business to – like Fleischmann – buy goods or services. As such, they are entitled to

---

*Railroad,* 1991 WL 113332 (Del. Super. June 18, 1991) (holding that a landowner may owe a duty to warn invitees of dangers on adjacent land but liability hinges on the open and obvious nature of the particular hazard).

[5] *Lawson v. Wilmington College of Del., Inc.,* 2009 WL 27301 (Del. Super. Jan. 5, 2009); *Ptomey v. Rago,* 1989 WL 5226 (Del. Super. Jan. 11, 1989); *Goldberg v. Church St. Assoc., LLC,* 2013 WL 6667701 (Del. Super. Sept. 16, 2013); *Bogert v. Eisenhardt,* 2008 WL 4817079 (Del. Super. Oct. 20, 2008); *Davis v. Golden,* 1992 WL 114115 (Del. Super. May 15, 1992); *Eck v. Birthright of Del., Inc.,* 559 A.2d 1227 (Del. 1989); *Freiman v. Evans,* 1997 WL 719318 (Del. Super. Aug. 19, 1997); *Jones v. Wright,* 1996 Del. Super. LEXIS 312 (Del. Super. Apr. 8, 1996); *Marshalewski v. Sitko,* 1991 WL 18086 (Del. Super. Feb. 12, 1991); *Burns v. Boudwin,* 282 A.2d 620 (Del. 1971).

4

a greater level of protection.

In *Ptomey*, the plaintiff, who was on the defendant's property to care for her lawn, tripped on a portion of the sidewalk that had been raised by a tree root in front of the defendant's house. The plaintiff argued that the general rule about sidewalks did not apply because she was a business invitee. The Superior Court disagreed, stating that, "jurisdictions that follow the general rule that abutting landowners are not responsible for the condition of the public sidewalk make no exceptions for invitees."[6] *Ptomey* was decided before *Cowee*, and in *Cowee* the Delaware Supreme Court treated business invitees differently, at least for roadway intersections. Additionally, the *Mendyk* case cited by *Ptomey* concerned a landowner's duty to invitees with regard to ice and snow accumulation.[7] There is a notable difference between a hazard created from the natural accumulation of ice and snow versus a structural sidewalk defect. Ice and snow accumulation constitutes a hazard of an impermanent and inherently erratic nature. Structural sidewalk defects like those at issue here and in *Ptomey* are fundamentally different in that the hazard exists over a much longer period of time and will remain indefinitely until corrective actions are

---

[6] *Ptomey*, 1989 WL 5226, at *1 (Del. Super. Jan. 11, 1989) (citing *Mendyk v. Michigan Employment Sec. Comm.*, 288 N.W.2d 643 (Mich. App. 1979)).

[7] *Mendyk*, 288 N.W.2d 643, 645 (Mich. App. 1979).

taken.

In *Lawson*, the plaintiff, a student at Wilmington College, tripped on a patch of uneven pavement in front of the campus. The plaintiff argued that the college should have warned him, as a business invitee, of the dangerous condition of the sidewalk. The Superior Court, with little discussion, resolved the case by repeating the general rule that an abutting landowner is not liable for injuries caused by the deficient condition of sidewalk absent a statutory duty to repair the deficiency, unless the landowner caused the defect.[8] In doing so, the Superior Court relied on *Eck*, which did not involve a business invitee. The Superior Court in reaching its decision did not mention *Cowee*.

I find neither *Ptomey* or *Lawson* dispositive of the issues in this case. Neither address *Cowee*. *Cowee* speaks broadly about a property owner's duty to a business invitee. I see no basis to read it as narrowly as Blue Surf does, particularly because there are many similarities between intersections and sidewalks. Both move people. Both are owned by the government. The government, in each instance, bears the duty of maintenance. Blue Surf relies completely on the fact that it had no duty to repair the sidewalk adjacent to its property. The County Club in *Cowee* had no duty to maintain the intersection adjacent to its property, yet the Supreme Court still found

---

[8] *Lawson*, 2009 WL 27301, at *2 (Del. Super. Jan. 5, 2009).

that it could have had a duty to warn a business invitee about the dangers of the adjacent intersection.[9] It is clear that the status of the injured person as a business invitee is the critical factor and not the duty to repair.

## CONCLUSION

Defendant Blue Surf Condominium, LLC's Motion for Reargument is DENIED.

Very truly yours,

E. Scott Bradley

ESB/jwc

cc:    Prothonotary's Office

FILED PROTHONOTARY
SUSSEX COUNTY
2019 JUN 18 P 12: 19

---

[9] *Cowee*, 747 A.2d 1087, 1092 (Del. 2000) (holding that the property owner owed a duty to warn or protect against hazards on adjacent property but a question of fact with regard to the "open and obvious" nature of the danger remained for determination by a jury).

7