# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SCOTT STEPHENSON and )
DANIELLE STEPHENSON )
Individually and as Guardian ad )
Litem for her Minor Daughters, )
AVA STEPHENSON, and )
LILLIAN STEPHENSON, )
                                 )     C.A. No. N17C-06-383 CLS
            Plaintiffs, )
                                 )
      v. )
                                 )
BIG OAKS TRAILER PARK, INC., )
d/b/a BIG OAKS CAMPGROUND, )
and BOYER'S TREE SERVICE )
                                 )
            Defendants. )

Date Submitted: June 14, 2019
Date Decided: September 12, 2019

*Upon Defendant Big Oaks Trailer Park, Inc's
Motion in Limine to Exclude the Testimony of
Russell E. Carlson*
**Granted in part.**

*Upon Defendant's Motion for Summary Judgment*
**Granted.**

Sean P. Gambogi, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, Newark, Delaware, Attorney for Plaintiffs.

Michael I. Silverman, Esquire and Adrienne M. McDonald, Esquire, Wilmington, Delaware, Attorney for Defendants.

**Scott, J.**

1

## Background

Plaintiffs Scott and Danielle Stephenson bring this personal injury claim on behalf of themselves and their minor daughters, Ava and Lillian Stephenson, against Defendants Big Oaks Trailer Park, Inc. and Boyer's Tree Service.

On July 3, 2015 Scott, Danielle, Ava, and Lillian Stephenson were camping at campsite PV-1 on the property of Big Oaks Campground. Plaintiffs allege that on or about 9:30 pm on July 3, 2015, a large tree limb from an oak tree near campsite PV-1 broke and fell into the Stephenson family's campground, bringing smaller tree limbs from a nearby hickory tree down with it. Plaintiffs allege that they were hit by some of the falling tree limbs and suffered physical and mental injuries as a result.

Plaintiffs allege that Defendant Big Oaks Trailer Park, Inc. ("Defendant") acted negligently by failing to properly inspect, maintain, and remove trees on its property, creating an unsafe condition.[1] Plaintiffs assert that Defendant's negligence proximately caused the accident.[2] The complaint requests general and special damages for physical and mental injury, property damage, and loss of consortium in an amount to be determined by the jury.[3]

---

[1] Compl. ¶ 5.
[2] *Id.*
[3] *Id.* ¶ 9.

Plaintiffs identified and submitted an expert report from their liability expert, Russell Carlson, on June 27, 2018.[4] Defendant now moves to exclude the testimony of Plaintiffs' liability expert. Concurrently, Defendant moves for summary judgment. For the following reasons, Defendant's Motion in Limine to Exclude the Testimony is **GRANTED IN PART** and Defendant's Motion for Summary Judgment is **GRANTED**.

## Parties' Assertions

On May 20, 2019, Defendant filed Defendant Big Oaks Trailer Park, Inc.'s Motion in Limine to Exclude the Testimony of Russell E. Carlson and Defendant's Motion for Summary Judgment.[5] Defendant argues that Mr. Carlson is not qualified to offer testimony on the appropriate standard of care for campground management because he is an arborist and not a campground manager.[6] Defendant asks the Court to exclude Mr. Carlson's testimony.[7] Additionally, Defendant moves for summary judgment, arguing that Plaintiffs have not provided sufficient evidence to support their *prima facie* case by failing to identify an appropriate liability expert witness.[8]

---

[4] Def. Big Oaks Trailer Park, Inc.'s Mot. in Lim. to Exclude the Test. of Russell E. Carlson and Defs.' Mot. for Summ. J. Ex. A.

[5] The title that the Court is using for Defendant's Motion is different from the title on Defendant's actual motion. The Court has identified errors in the title of Defendant's motion and has chosen to correct the errors in its decision rather than confuse readers by using an inaccurate title.

[6] *Id.* ¶¶ 5–8, 14–18.

[7] *Id.* ¶ 9.

[8] *Id.* ¶ 19–20.

3

On June 14, 2019, Plaintiffs filed Plaintiffs' Response to Defendant's Motion in Limine to Exclude the Testimony of Russell E. Carlson and Defendant's Motion for Summary Judgment.[9] Responding to Defendant's motion for summary judgment, Plaintiffs argue that expert testimony is not needed to establish the elements of duty and breach because the standard of care is a matter of common sense.[10] Responding to Defendant's motion in limine, Plaintiffs argue that Mr. Carlson's testimony will assist the jury in understanding how to assess the viability of the oak tree.[11] Plaintiffs ask the Court to deny both motions.[12]

## Standard of Review

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[13] The moving party bears the initial burden of showing that no material issues of fact are present.[14] Once such

---

[9] The title that the Court is using for Plaintiffs' Motion is different from the title on Plaintiffs' actual motion. The Court has identified errors in the title of Plaintiffs' motion and has chosen to correct the errors in its decision rather than confuse readers by using an inaccurate title.

[10] Pls.' Resp. to Def.'s Mot. in Lim. to Exclude the Test. of Russell E. Carlson and Def.'s Mot. for Summ. J. ¶¶ 7–9.

[11] *Id.* ¶ 8.

[12] *Id.* at 9.

[13] Super. Ct. Civ. R. 56(c); *Buckhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

[14] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

4

a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[15] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[16] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[17]

## Discussion

### A. Defendant's Motion for Summary Judgment

To make a *prima facie* showing of a claim for negligence, a plaintiff must show: (1) the defendant owed a duty to plaintiff; (2) defendant breached its duty; (3) the plaintiff suffered injuries; and (4) defendant's breach of duty was the proximate cause of the plaintiff's injuries.[18] If a plaintiff fails to make a sufficient showing of the existence of an element essential to her case, then it is proper for this Court to grant a defendant's motion for summary judgment.[19] The specific issue before the Court is whether an arborist may provide expert testimony on the elements of duty and breach in a negligence claim against a campground.

---

[15] *Id.* at 681.

[16] *Buckhart*, 602 A.2d at 59.

[17] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Apr. 26, 2006).

[18] *Campbell v. DiSabatino*, 947 A.2d 1116, 1117 (Del. 2008).

[19] *Reybold Group, Inc. v. Chemprobe Technologies, Inc.*, 721 A.2d 1267, 1270–1271 (Del. 1998).

In general, a business owner "owes a duty to those who come to his place to do business to exercise due care to keep the property in a reasonably safe condition as to any condition which is known to the business operator or which should have been known in the exercise of reasonable care or diligence."[20] The "due care" which business owners owe to invitees is that of a reasonable person under the circumstances.[21] Here, Defendant is the business owner of a campground. As such, Defendant should be held to the standard of care of other campground owners.[22] The required procedures and practices followed by campground owners are not within the knowledge of a layperson.[23] Therefore, it is more appropriate to evaluate the sufficiency of Plaintiffs' evidence for duty and breach in accordance with the evidentiary thresholds required for professionals than for laypersons.

---

[20] *Woods v. Prices Corner Shopping Center Merchants, Ass'n*, 541 A.2d 574, 575 (Del. Super. 1988).

[21] *See Coker v. McDonald's Corp.*, 537 A.2d 549, 551 (Del. Super. 1987) (finding that landowners should be compared to a "reasonable person").

[22] *Abegglan v. Berry Refrigeration Co.*, 2005 WL 6778336, at *2 (Del. Super. Dec. 2, 2005) (clarifying that a charge of negligence against a person in a particular profession requires that the defendant be held to the standard of care of a member of that profession in good standing).

[23] *Cf. Roberts v. Daystar Sills, Inc.*, 2008 WL 8203205, at *3 (Del. Super. Dec. 8, 2008) ("A lay jury has common knowledge of what conditions are expected and reasonable in a grocery store or when walking down a residential street but the determination of what conditions are expected and reasonable at a closed construction site requires specialized knowledge.").

As a general rule, the standard of care applicable to a professional can only be established through expert testimony.[24] As an exception to this rule, expert testimony is not required when the professional's mistake is so apparent that a layman, exercising his common sense, is perfectly competent to determine whether there was negligence.[25] Unlike failing to clean up "hoagie guts" from a parking lot[26] or spilled water from the aisle of a grocery store,[27] Defendant's alleged failure is not a matter of common sense.

Plaintiffs have identified an arborist as their liability expert and allege that if Defendant had called an arborist, then Defendant would have immediately known of the potential weaknesses of the oak tree involved in this incident. Whether this is true or not, it is not the correct standard. Instead, the relevant inquiry is whether a reasonable campground owner in the Defendant's circumstances would have called an arborist. Merely setting out what Plaintiffs *think* Defendant *should have* done is not enough to show that Defendant breached its standard of care. To allow the jury to decide that Defendant acted negligently without giving the jury a standard under

---

[24] *Weaver v. Lukoff*, 1986 WL 17121, at *1 (Del. July 1, 1986).
[25] *Id.*
[26] *Donovan v. Wawa, Inc.*, 2017 WL 4675755, at *3 (Del. Super. Oct. 17, 2017).
[27] *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705, 710–11 (Del. 2008).

7

which to evaluate Defendant's actions would be tantamount to inviting the jury to speculate.[28] Although juries are the finders of fact, juries cannot speculate.[29]

By failing to identify an expert to establish the duty which Defendant owed to Plaintiffs and to show how Defendant breached that duty, Plaintiffs have not set forth sufficient evidence to support essential elements of their *prima facie* case. In viewing the facts in a light most favorable to the Plaintiffs, the Court finds that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

**B. Defendant's Motion in Limine**

Delaware Rule of Evidence 702 provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."[30] There is no question that Russell Carlson's testimony would help the trier of fact understand the extent of the latent damage to the oak tree of which Plaintiffs allege Defendant should have been aware. But Plaintiffs have

---

[28] *Abegglan*, 2005 WL 6778336, at *3 ("Without expert testimony in this case, 'jurors would be forced to surmise about the particular degree of skill and how to measure it' against [defendant's] repair of the ice machine on the day of the accident.").

[29] *Roberts*, 2008 WL 8203205, at *3.

[30] Del. R. Evid. 702(a).

8

offered Mr. Carlson to show how Defendant breached his duty. As an arborist, Mr. Carlson is not qualified to give an opinion on a campground owner's duty of care. Therefore, the Court finds that Mr. Carlson is not qualified to testify as Plaintiffs' liability expert. The Court also finds, however, that Mr. Carlson's testimony would help the jury understand exactly why the oak tree was an unsafe condition. Accordingly, the Court **GRANTS** Defendant's Motion in Limine to prohibit Mr. Carlson from testifying as a liability expert but **DENIES** Defendant's Motion in Limine to exclude Mr. Carlson's otherwise relevant testimony.

## Conclusion

For the forgoing reasons, Defendant's Motion in Limine to Exclude the Testimony of Russell E. Carlson is **GRANTED IN PART** and Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

_____

**Judge Calvin L. Scott, Jr.**

9